```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
BUCKINGHAM PROPERTIES, LLC,
MASSACHUSETTS BAY INSURANCE
COMPANY,

                Plaintiffs,              MEMORANDUM AND ORDER
                                         16-cv-3428 (FB)
      -against-

ATLANTIC CASUALTY INSURANCE
COMPANY,

                Defendant.
---------------------------------------------------x
```

*Appearances*
*For the Plaintiff*:                  *For the Defendant*:
MICHAEL J. CASE                       DEBRA MILLER KREBS
LeClairRyan, A Professional Corporation   ROBERT WALKER LEWIS
885 Third Avenue, Sixteenth Floor     Keidel, Weldon & Cunningham, LLP
New York, New York 10022              925 Westchester Avenue
                                      White Plains, NY 10604

**BLOCK, Senior District Judge:**

Buckingham Properties, LLC ("Buckingham") and Massachusetts Bay Insurance Company ("MBI") (collectively, "Plaintiffs") brought this declaratory judgment action against Atlantic Casualty Insurance Company ("ACIC" or "Defendant"), alleging that ACIC improperly declined to defend and indemnify Buckingham against litigation in New York state court as required by the terms of an ACIC policy under which Buckingham is insured.

Defendant moves to either dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or transfer to a more convenient venue — the Western District of

New York — pursuant to 28 U.S.C. § 1404.

**I.**

On May 15, 2015, ACIC issued insurance policy no. L068018045 ("the ACIC policy") to Christopher Haitz dba Real Renovations ("Haitz") with policy period May 16, 2015 to May 16, 2016. The policy was issued by ACIC agents H. R. Keller and Co. Inc. and A/C Associates of NY, Inc. On July 22, 2015, Buckingham was added as an additional insured.

Buckingham owns real property located at 1450 Lyell Avenue, Rochester, NY ("the Premises"). On July 26, 2015, non-party Kristopher Hanson ("Hanson"), who had been retained by Haitz to do work on the Premises, allegedly fell and was injured. Hanson filed a suit against Buckingham in the Supreme Court for the State of New York, Genesee County, Index No.: 64564/2015 (the "Underlying Action") arising from his injuries.

On October 29, 2015, MBI tendered the defense and indemnification in the Underlying Action and sought additional coverage from ACIC under its policy. On or about March 1, 2016, American Claims Service ("ACS"), claims manager for ACIC, denied coverage on three basic grounds: (1) the ACIC Policy excludes coverage for obligations under worker's compensation law, disability benefit law or unemployment compensation law; (2) the ACIC Policy does not provide Medical Payments coverage for "bodily injury"; and (3) the ACIC Policy does not cover injuries to employees.

Buckingham and MBI then brought this declaratory judgment action seeking a

declaration that ACIC must defend and indemnify Buckingham in the Underlying Action and reimburse MBI for related defense costs and attorneys' fees.

## II.

Defendant ACIC seeks to change venue to the Western District of New York, where the accident, underlying litigation, and creation of the ACIC Policy occurred. Plaintiffs Buckingham and MBI respond that the Eastern District of New York is a more convenient venue because parent companies to several of the involved business entities have offices in the Eastern District, and that the New York City metropolitan area is more convenient for out-of-state parties due to its better airports.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." "'The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court.'" *Forjone v. Cal.*, 425 Fed.Appx. 73, 74 (2d Cir. 2011), (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989). The relevant factors under 28 U.S.C. § 1404(a) are:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means

3

of the parties.

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2nd. Cir. 2006).

Three of these factors – the locus of operative facts, the convenience of parties, and the convenience of the witnesses – strongly weigh in favor of transferring the action to the Western District. The remaining factors, with the exception of plaintiff's choice of forum, are either neutral or favor transfer. The court considers these factors in the order of importance to its decision.

**1. Locus of Operative Facts**

Both the events related to the insurance contract and the underlying accident occurred predominately in the Western District. The ACIC Policy was cosigned by three nonparties – H. R. Keller and Co., Inc., A/C Associates of NY, Inc., which are both headquartered in Erie County, and Christopher Haitz, who lives in Genesee County. Complaint, Ex. A at 3. The accident occurred in Monroe County.[1] The underlying litigation was filed in Genesee County. These counties are all in the Western District.

Plaintiffs argue the locus of operative facts occurred predominately out of state. Plaintiffs focus on the decision to deny coverage, which allegedly was made in either North

---

[1] Plaintiffs argue that the underlying accident is irrelevant to this Declaratory Action. It is premature to draw that conclusion. Because the denial of coverage is based, in part, on defendant's characterization of the accident and the relationship of the parties involved, the facts surrounding the accident may be relevant. Regardless, many of the parties involved in the accident were also involved in the creation of the insurance contract, which is directly at issue.

4

Carolina, Louisiana, or Texas. However, this out-of-state coverage decision is neutral between the Western and Eastern Districts because it occurred in neither venue. Further, the decision to deny coverage is only one of the operative facts. The remaining events all occurred in the Western District.

Notably, none of the operative facts relate to the Eastern District. Plaintiffs argue that the corporate parents to MBI and ACS – Hanover Insurance Group ("Hanover") and York Risk Services ("York"), respectfully – maintain offices in the Eastern District. However, neither parent corporation is a party in this lawsuit.

Because the majority of the relevant facts to this litigation occurred in the Western District or out of state and none occurred in the Eastern District, the locus of operative facts weighs heavily in favor of transfer.

**2. The Convenience of Witnesses**

For the same reasons, the likely witnesses are also predominately located in the Western District. The plaintiff in the underlying litigation lives in Genesee County. Witnesses to the accident likely live or work in the Western District. Critically, the parties who signed the insurance contract are all located in the Western District.

Plaintiffs argue that for out-of-state witnesses, the Eastern District is more convenient because flying to New York City is easier and "potentially less expensive" than flying to a Western District airport. It is doubtful that one airport is more convenient than another;

regardless, any cost savings would be more than offset by the higher price of accommodations in New York City. Notably, the key out-of-state witnesses work for ACIC or its claims manager ACS, and ACIC has expressed a preference for the Western District.

Because the potential witnesses to the action live in either the Western District or out of state, this factor weighs heavily in favor of transfer.

**3. The Convenience of the Parties**

The parties to the litigation are also located in either the Western District or out of state. Plaintiff Buckingham's principal place of business is in Monroe County. Plaintiff MBIC and Defendant ACIC's principal places of business are out of state.

Plaintiffs repeat their arguments regarding the parent corporations and airports; those arguments are rejected for the same reasons discussed above. Plaintiffs also argue that ACIC "maintains a managing general agent" in the Eastern District "through the Morstan General Agency of New York, Inc." ("Morstan.") Pl.'s Br. at 16. Morstan is not a party to this case and, therefore, its residency is irrelevant. Because the parties to the case either reside in the Western District or out of state, this factor strongly favors transfer of venue.

**4. Availability of Process, Documents, and Relative Means of Parties**

The other factors are either neutral or favor the Western District (except for plaintiffs' choice of venue). Availability of process favors the Western District; as discussed above, the most likely nonparty witnesses reside in the Western District. The key documents, including

the ACIC policy, are likely to be found in the Western District. The relative means of the parties is neutral – all parties are businesses.

**5. Plaintiffs' Choice of Venue**

Ordinarily, Plaintiffs' choice of venue should be afforded "great weight." *D.H. Blair*, 462 F.3d at 107. However, "where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance." *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 990 (E.D.N.Y. 1991). Here, the operative facts have no relationship to the Eastern District. Therefore, Plaintiffs' choice of forum is given reduced deference and cannot overcome the overwhelming balance of the remaining factors.

Because transfer is appropriate, ACIC's motion to dismiss under 12(b)(3) is DENIED. ACIC's motion to transfer venue to the Western District of New York pursuant to 28 U.S.C. § 1404(a) is GRANTED.

**SO ORDERED**

<u>Frederic Block</u>

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 6, 2017